UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIAN ALLEN,<br>   Plaintiff,<br><br>vs.<br><br>BRIAN ASBELL,<br>   Defendants | Case No. 21-1332 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendant Sheriff Brian Asbell violated his constitutional rights at the Peoria County Jail. Plaintiff says for six days he was housed in a cell with a nonworking toilet filled with feces. Plaintiff complained, but he was still left in the cell for a week.

The only Defendant identified is the Sheriff. To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional

1

deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito,* 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

It is not clear that the Sheriff would have any reason to know of the specific problems with Plaintiff's cell, and Plaintiff does not mention or explain the Sheriff's involvement in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark,* 497 F. 2d. 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Therefore, the Court will dismiss Plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure but allow Plaintiff time to file an amended complaint clarifying his claims. The amended complaint must stand complete on its own, must not refer to any previous filing, and must include all claims and Defendants.

Plaintiff must identify a Defendant or Defendants who specifically knew Plaintiff did not have an operating toilet, but still took no action. In addition, Plaintiff's complaint identifies the dates of October 28 to November 2, but he has not provided the year. Plaintiff must clarify the time frame of his claims.

Plaintiff should also state whether he was a pretrial detainee or an inmate convicted of a crime at the time of his allegations in order to determine whether his claims proceed pursuant to the Fourteenth Amendment or the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)(fourteenth amendment applies to pretrial detainees and eighth amendment applies to convicted prisoners).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint in compliance with this order on or before April 28, 2022. If Plaintiff fails to file his amended complaint on or before April 28, 2022 or fails to follow the Court's directions, his case may be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to refile when he clarifies his claims. In addition, Plaintiff must demonstrate he has made an attempt to find an attorney on his own such as a list of attorneys contacted, or copies of letters sent or received. *See Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021).

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days.

5) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any changes in his address or phone number. Failure to provide this information will lead to the dismissal of Plaintiff's lawsuit.

ENTERED this 6th day of April, 2022.

                                                       s/ James E. Shadid

                                                      JAMES E. SHADID
                                   UNITED STATES DISTRICT JUDGE